**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4319**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TEHRAN DONNELL WADLEY,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. George Jarrod Hazel, District Judge. (8:16-cr-00557-GJH-1)

Submitted: November 29, 2018                    Decided: December 14, 2018

Before GREGORY, Chief Judge, WILKINSON, Circuit Judge, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Vincent A. Jankoski, VINCENT A. JANKOSKI, ESQ., Silver Spring, Maryland, for Appellant. Robert K. Hur, United States Attorney, David I. Salem, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Tehran Donnell Wadley of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2012). The district court sentenced Wadley to 76 months of imprisonment and he now appeals. Finding no error, we affirm.

On appeal, Wadley first challenges the district court's denial of his motion to suppress the firearm, asserting that after the officer's stop and frisk of Wadley, his warrantless search of Wadley's open backpack that Wadley had placed on the ground was not justified by any exception to the warrant requirement. "In considering the district court's suppression decision, we review legal determinations de novo and the court's underlying factual findings for clear error." *United States v. Thomas*, 908 F.3d 68, 72 (4th Cir. 2018).

"The Fourth Amendment permits an officer to make an investigative detention or stop only if supported by a reasonable and articulable suspicion that the person seized is engaged in criminal activity." *United States v. Foster*, 634 F.3d 243, 246 (4th Cir. 2011) (internal quotation marks omitted). The officer must have "at least a minimal level of objective justification" and "must be able to articulate more than an inchoate and unparticularized suspicion or hunch of criminal activity." *Illinois v. Wardlow*, 528 U.S. 119, 123-24 (2000) (internal quotation marks omitted). Courts assess whether an officer has articulated reasonable suspicion for a stop under the totality of the circumstances, giving "due weight to common sense judgments reached by officers in light of their experience and training." *United States v. Perkins*, 363 F.3d 317, 321 (4th Cir. 2004). "Judicial review of the evidence offered to demonstrate reasonable suspicion must be

2

commonsensical, focused on the evidence as a whole, and cognizant of both context and the particular experience of officers charged with the ongoing tasks of law enforcement." *United States v. Branch*, 537 F.3d 328, 337 (4th Cir. 2008).

Moreover, in order to search for and seize evidence, police officers generally must obtain a warrant supported by probable cause which particularly describes the place to be searched and the items to be seized. *See, e.g.*, *United States v. Williams*, 592 F.3d 511, 519, 521 (4th Cir. 2010). The warrant requirement, however, has several exceptions, including "that under certain circumstances the police may seize evidence in plain view [without] a warrant." *Id.* at 521 (internal quotation marks omitted). "For the plain view exception to the warrant rule to apply, the government must show that: (1) the officer was lawfully in a place from which the object could be viewed; (2) the officer had a lawful right of access to the seized items; and (3) the incriminating character of the items was immediately apparent*."* *United States v. Davis*, 690 F.3d 226, 233 (4th Cir. 2012) (internal quotation marks omitted). The second requirement "is intended to clarify that police may not enter a premises to make a warrantless seizure, even if they could otherwise see (from a lawful vantage point) that there was contraband in plain sight." *Id.* at 234.

On appeal, Wadley does not challenge the district court's conclusions regarding the moment at which he was seized for the stop or that the officer had reasonable suspicion for the stop at that point. Moreover, our review of the record leads us to conclude that the court did not err in reaching those conclusions. Because the officer was therefore lawfully present in the place from which he witnessed the firearm, had a lawful

right of access to the firearm, and the incriminating nature of the firearm was immediately apparent upon the officer's visual inspection of Wadley's backpack, the plain view exception to the warrant requirement applied. The district court did not err, therefore, in denying Wadley's suppression motion.

Wadley next challenges the procedural and substantive reasonableness of the sentence. We review a sentence for reasonableness, applying an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007); *see also United States v. White*, 810 F.3d 212, 229 (4th Cir. 2016). In so doing, we examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51. We then review the substantive reasonableness of the sentence. *United States v. Evans*, 526 F.3d 155, 161 (4th Cir. 2008).

Here, Wadley asserts that the district court erred in failing to downwardly depart from the Guidelines range pursuant to U.S. Sentencing Guidelines Manual § 4A1.3(b) (2016), as Wadley asserts that his criminal history category overrepresented the seriousness of his criminal history. Wadley failed, however, to seek a departure on that basis in the district court and therefore we would review this issue only for plain error. *See United States v. Davis*, 855 F.3d 587, 595 (4th Cir.), *cert. denied*, 138 S. Ct. 268 (2017). Moreover, even if Wadley had requested such a departure and the district court had denied his request, we may only review such a denial if the district court

4

misapprehended its authority to apply a departure. *See United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). The record here demonstrates that the court did not misapprehend its authority to depart from the Guidelines range as Wadley did request a departure based on his mental and emotional status and the court determined that he had failed to demonstrate that such a departure was appropriate.

Wadley does not allege any other procedural infirmity in the sentence and we have discerned none. The district court properly calculated the Guidelines range, responded to the parties' sentencing arguments, considered the Guidelines and the § 3553(a) factors, and thoroughly explained its reasons for the chosen sentence. Furthermore, we conclude that the below-Guidelines sentence is also substantively reasonable.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*

5